**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

DORIAN J. FRANCIS, Reg. #27103-034                                PETITIONER

v.                                    2:14CV00028-JLH-JJV

UNITED STATES OF AMERICA                                          RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.   BACKGROUND

On February 1, 2006, Petitioner, Dorian J. Francis, entered into a plea agreement and pleaded guilty to Counts I and II of an indictment in the United States District Court, Eastern District of Louisiana, *United States of America v. Dorian J. Francis,* No. 2:05CR00225 EEF. (Doc. Nos. 5 and 5-1.) Count I charged Francis with bank robbery in violation of 18 U.S.C. § 2113. (*Id.*) Count II charged him with using, carrying, and discharging a firearm during a crime of violence, a violation of 18 U.S.C. § 924 (c)(1)(A)(iii). (*Id.*) Mr. Francis was sentenced on May 10, 2006, to the custody of the United States Bureau of Prisons for a term of fifty-seven (57) months as to Count I, and one hundred twenty (120) months on Count II, to run consecutively to the sentence imposed on Count I. (Doc. Nos. 5 and 5-2.)

Mr. Francis filed the instant 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus on February 27, 2014. (Doc. No. 1.) He challenges the "District Court of Eastern District of Louisiana in the manner in which the sentence was imposed." (Doc. No. 1 at 1.) Specifically, Mr. Francis claims that his sentence violates the Fifth Amendment to the United States Constitution. (Doc. No. 1 at 2.) He argues that the district court violated the Fifth Amendment Double Jeopardy Clause by imposing a consecutive sentence from a single offense and that his sentence on Count II violates the Due Process Clause of the Fifth Amendment because he did not receive adequate notice that he could be sentenced to ten years imprisonment on that Count. (Doc. No. 1.)

## II.   ANALYSIS

Mr. Francis's § 2241 Petition attacks his underlying conviction in the United States District Court for the Eastern District of Louisiana. Therefore, this Court does not have jurisdiction to address his claims.

Inmates seeking to challenge the lawfulness of the imposition of their federal convictions and sentences must generally bring a 28 U.S.C. § 2255 motion to the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005). Because a § 2255 petition attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). Therefore, a claim attacking the underlying sentence is properly considered in a § 2255 petition before the sentencing court and a claim attacking the execution of the sentence is properly brought in a § 2241 petition in the jurisdiction where the petitioner is incarcerated. *Nichols*, 553 F.3d at 649. Mr. Francis's claims must be filed in the United States District Court for the Eastern District of Louisiana where he was convicted and sentenced or to the appropriate appellate court, the United States Court of Appeals for the Fifth Circuit.[1]

For this Court to be permitted to invoke jurisdiction over this § 2241 Petition, the Petitioner

---

[1] It should be noted that the Respondent argues the plea agreement Mr. Francis entered into prohibits him from contesting his sentence in any post-conviction proceeding, including but not limited to, a proceeding under 28 U.S.C. § 2255 (Doc. No. 5.) This Court leaves that determination to be made by the sentencing court.

3

must prove the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah*, 392 F.3d at 959; *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). A petition seeking *habeas corpus* relief "shall not be entertained if it appears that the applicant ha[d] failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

When a petitioner had an "unobstructed procedural opportunity" to present a claim, his failure to seize that opportunity does not render § 2255 inadequate or ineffective to test the legality of his conviction or sentence. *Abdullah*, 392 F.3d at 963. Petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Id*. at 959. This is a "narrowly circumscribed 'safety valve.'" *United States ex. rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002).

Mr. Francis's Petition fails to show any reason why he is unable to seek § 2255 relief from the sentencing court. Moreover, it would be wholly impractical for this Court to attempt to consider Petitioner's requests for relief. To do so would require this Court to go behind the factual findings of the United States District Court for the Eastern District of Louisiana during the sentencing process.

The relief sought is only available through the sentencing court. Therefore, this case should be dismissed.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice and the relief requested be DENIED.

2. All pending motions be DENIED as moot.

DATED this 3rd day of July, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE